# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1943V
UNPUBLISHED

| | |
|---|---|
| JESSICA J. HEIN,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: April 15, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Tetanus Diphtheria<br>acellular Pertussis (Tdap) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Richard H. Moeller, Moore, Hefferman, et al., Sioux City, IA,* for Petitioner.

*Mollie Danielle Gorney, U.S. Department of Justice, Washington, DC,* for Respondent.

## RULING ON ENTITLEMENT[1]

On December 23, 2019, Jessica J. Hein filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA"), which meets the Table definition for SIRVA, after receiving the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine on July 3, 2018. Petition at 1. In the alternative, Petitioner alleges that her SIRVA was caused-in-fact by the Tdap vaccine she received. *Id.* at 2. Petitioner further alleges that she received the Tdap vaccine in the United States, that she suffered the residual effects of her SIRVA for more than six months, and that neither she nor any other party has filed a civil action or received

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation for her SIRVA. *Id.* at ¶¶ 4, 39-41. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 15, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent has concluded that "[P]etitioner has satisfied the criteria set forth in the revised Vaccine Injury Table and the Qualifications and Aids to Interpretation". *Id.* at 3. Respondent further agrees that "based on the case record as it now stands, [P]etitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master